The Honorable Ernest Cunningham State Representative 727 Columbia Street Helena, AR 72342
Dear Representative Cunningham:
This is in response to your request for an opinion regarding the investment of local fire and police pension and relief funds in mutual funds. You have asked the following question in this regard:
 Does A.C.A. 24-10-402 permit a retirement fund with an investment advisor to diversify by purchasing all types of mutual funds?
While the answer to this question is by no means clear from a reading of the relevant Code sections, it is my opinion that the answer is, generally, "yes," subject of course to restrictions imposed upon state public employee retirement plans in their investments, including the "prudent man rule." See A.C.A.24-10-402(a)(6) and 24-3-411.
Section 24-10-402 (Supp. 1989) sets forth the authorized investment procedure with respect to local fire and police pension and relief funds with assets in excess of $500,000. Certain terms, conditions, and limitations are outlined under subsections (a) through (c), including the following under subsection (a)(7):
 Anything in this section to the contrary notwithstanding, until the assets of the system amount to at least five million dollars ($5,000,000), the funds of the system not in the checking account may be invested in shares of no-load mutual funds, each of which shall have the following characteristics:
(A) The mutual fund shall be an open-end diversified investment company registered under the Federal Investment Company Act of 1940, as amended; (B) The management company of the investment company shall have been in operation for at least ten (10) years and shall have assets under management of more than one hundred million dollars ($100,000,000); and (C) There shall be no sales charge for purchasing shares of the fund and no redemption charge for selling the shares.
A.C.A. 24-10-402(a)(7) (Supp. 1989).
A question arises as to whether this provision should be construed as a limitation on an advisor's authority with respect to investments in mutual funds in light of the language of A.C.A.24-11-410 wherein it states:
 In those pension and relief funds in which assets exceed five hundred thousand dollars ($500,000), the board of trustees may employ an investment advisor as defined in 24-10-402 to invest the assets, subject to the terms, conditions, limitations, and restrictions imposed by law upon the Arkansas Local Police and Fire Retirement System, as provided by 24-10-401 — 24-10-409. Investments shall not be limited to interest-bearing bonds.
A.C.A. 24-11-410(c) (Supp. 1989). See also A.C.A. 24-11-805
(Supp. 1989) (firemen's pension and relief funds).
One might contend, in light of the above reference to the "terms, conditions, limitations, and restrictions imposed by law upon the . . . System," that Section 24-10-402(a)(7), supra, operates to restrict an investment advisor's authority with respect to mutual fund investments,. A reading of Section 24-11-410 as a whole, however, indicates that the purpose was to expand investment authority where the assets exceed $500,000 and the board employs an advisor. See also A.C.A. 24-11-805 (firemen's pension and relief funds.) This intent is further illustrated by the language of Section 24-10-402 wherein it states:
 The investment advisor shall have full power to purchase, sell, assign, transfer, or dispose of any of the moneys or investments of the system pursuant to the provisions of this subchapter and in accordance with the current investment policy filed with the board.
A.C.A. 24-10-402(a)(2) (Supp. 1989).
The broad authority of an investment advisor is thus clear. This broad statement of authority must be read together with the permissive language of subsection (a)(7) of Section 24-10-402, supra, in connection with no-load mutual funds. It is also significant to note that Section 24-10-402(a)(7) applies generally to system fund investments, since boards of trustees "may," but are not required to, employ investment advisors. See A.C.A.24-11-410(c) and 24-11-805(d). Thus, Section 24-10-402(a)(7) may be relied upon as authority for a board's investment of system funds in shares of no-load mutual funds with the stated characteristics. The boards would, otherwise, be limited to the types of investments previously authorized. See A.C.A. 24-11-410
and 24-11-805. This is in keeping with the expressed legislative intent under A.C.A. 24-10-402 to allow the diversification of pension and relief fund investments where the funds assets exceed $500,000. See Title to Acts 6 and 16 of 1985, which are codified at A.C.A. 24-10-402, 24-11-410, and 24-11-805.
While the issue is not easily resolved, it is my opinion that an investment advisor is not limited, under A.C.A. 24-10-402, to investing system assets in so-called "no-load" mutual funds, but rather has the option of purchasing other types of mutual funds, including those which may have a sales charge. This conclusion is based upon an interpretation of the pertinent Code sections, since there is no judicial precedent offering guidance in this area.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.